UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HORACE HOLLIS,                           )
                                         )
        Plaintiff,                       )
                                         )      No. 3:24-cv-00178
v.                                       )
                                         )      JUDGE RICHARDSON
JAMES M. HOLLOWAY, et al.,               )
                                         )
        Defendants.                      )


**MEMORANDUM AND ORDER**

        Horace Hillis, an inmate of the Lois DeBerry Special Needs Facility, filed a Complaint

under 42 U.S.C. § 1983 against Warden James M. Holloway, Associate Warden Eugene Lewis,

and correctional officers White and Murphy. (Doc. No. 1). Plaintiff also submitted an amended in

forma pauperis application. Because Plaintiff demonstrates that he does not have sufficient funds

to pay the full filing fee in advance, the amended application (Doc. No. 7) is **GRANTED** and a

$350 filing fee is **ASSESSED**.[1]

        The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a)

20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average

monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of

the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's

preceding monthly income (or income credited to Plaintiff for the preceding month), but only when

the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350

---

[1] Plaintiff's original in forma pauperis application (Doc. No. 2) is **DENIED AS MOOT**.

filing fee has been paid in full. *Id.* § 1915(b)(3). The Clerk of Court **SHALL** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with the Order.

Under the Prison Litigation Reform Act, the Court must dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff filed this action under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The Complaint alleges that Plaintiff is 82 years old, wheelchair bound, and suffers renal

failure that requires thrice-weekly dialysis. (Doc. No. 1 at 1.) On September 27, 2023, officers White and Murphy loaded Plaintiff into a handicap van for transportation to a medical appointment. *Id*. at 2. Although White and Murphy secured the wheelchair to the van with locking straps, they failed to secure Plaintiff to his wheelchair by means of a seat belt or other safety device. *Id*. During the trip, the driver slammed on the brakes and Plaintiff was thrown out of the wheelchair. *Id*. Plaintiff struck obstacles inside the van and suffered serious injuries. *Id*. The injuries compromised Plaintiff's dialysis access port, requiring emergency surgery. *Id*. at 3.

As a threshold matter, Defendants Holloway and Lewis appear to be named in the Complaint by virtue of their oversight responsibilities. There is no allegation that Holloway or Lewis were involved in the wheelchair incident. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.") (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)); *Sweat v. Sanders*, No. 5:18-cv-557-REW, 2019 WL 3240018, at *3 (E.D. Ky. July 17, 2019) (citing *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984)) ("[Section] 1983 supervisor liability requires culpable conduct by the individual supervisor. It is not enough that a supervisor have a

place or position of authority. Rather, he must actively engage in behavior leading to the wrong; inaction does not suffice."); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, even under the liberal construction afforded to pro se complaints, a claim is subject to dismissal when a defendant is named without an allegation of specific conduct. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Because Holloway and Lewis are not alleged to have been personally involved in any wrongdoing, they must be dismissed from this action.

The Complaint also claims that the conditions of Plaintiff's confinement during transport—for which Murphy and White were directly responsible—violated his right under the Eighth Amendment to be free from cruel and unusual punishment. To state a viable Eighth Amendment conditions-of-confinement claim, Plaintiff must first allege a deprivation that is objectively, sufficiently serious. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Constitution does not mandate comfortable conditions of confinement, *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but tolerates "routine discomfort" as part and parcel of the punishment criminal offenders must endure. *Hudson*, 503 U.S. at 9. "It necessarily follows, then, that a prisoner

has not been subjected to cruel and unusual punishment simply because he has been made to feel uncomfortable during the course of a transfer from one prison to another." *Nguyen*, 2019 WL 429678, at \*5; *see Myers v. Transcor America, LLC*, No. 3:08-0295, 2010 WL 3619831, at \*8 (M.D. Tenn. Sept. 9, 2010) (allegations about physical conditions in prison transport van properly analyzed as conditions-of-confinement claim under *Rhodes*). Here, the liberally-construed Complaint does not allege mere discomfort during transport. Rather, Plaintiff contends that, as a result of not being properly secured, he was thrown from the wheelchair and seriously injured. For purposes of initial review, this is adequate to allege an objectively serious condition of confinement.

A conditions-of-confinement claim also requires plausible allegations that prison officials were deliberately indifferent to the health or safety of the prisoner. *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991) (applying standard articulated in *Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976)). Although the prisoner need not allege that a prison official acted maliciously or sadistically, mere negligence is not enough to establish the level of subjective culpability this standard requires. *Id.* at 305. Rather, a claim based on inhumane conditions of confinement must be supported by allegations that a prison official knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, the liberally-construed Complaint alleges that White and Murphy were aware of the risk of leaving a wheelchair-bound inmate unsecured but disregarded that risk by not securing Plaintiff. In this instance, the risk was compounded by Plaintiff's advanced age and known serious medical conditions. Taking every inference in favor of Plaintiff, the Complaint adequately alleges that White and Murphy knew of and disregarded a serious threat to Plaintiff's safety. Accordingly, the claims against White and Murphy may advance.

In conclusion, the Complaint states a nonfrivolous conditions of confinement claim against Defendants White and Murphy that will proceed for further development. Defendants Holloway and Lewis are **DISMISSED**. The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12. The Clerk is **INSTRUCTED** to send Plaintiff two service packets (blank summons and USM 285 form) for Defendants White and Murphy. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.


*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE