UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HORACE HOLLIS,<br>　　　Plaintiff,<br><br>v.<br><br>JAMES M. HOLLOWAY et al.,<br>　　　Defendants. | Case No. 3:24-cv-00178<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

Pro se and *in forma pauperis* (IFP) Plaintiff Horace Hollis, currently confined at the Tennessee Department of Correction's (TDOC) Lois DeBerry Special Needs Facility (DSNF), initiated this action on February 12, 2024,[1] raising claims against four defendants under 42 U.S.C. § 1983. After granting Hollis's request to proceed IFP, the Court screened his complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. (Doc. No. 8.) The Court determined that Hollis raised colorable Eighth Amendment conditions-of-confinement claims under § 1983 against TDOC personnel "Cpl. White" and "Cpl. Murphy" and allowed those claims to advance. (Doc. No. 8, PageID# 34.) The Court dismissed all other claims and defendants. (*Id.* at 35.)

Because Hollis was granted leave to proceed IFP, he was required to identify the defendants to be served and complete and return service packets that would allow the U.S. Marshals Service

---

[1] Under the "prison mailbox rule[,] . . . a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). The rationale for this rule is that "pro se prisoners have no control over delays between the prison authorities' receipt of [a pleading] and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273–74 (1988) (emphasis in original).

to effect service on his behalf. (*Id.* at PageID# 35.) Hollis submitted the appropriate paperwork, and the Clerk of Court issued summonses for White and Murphy. (Doc. No. 9.) Only White's summons was returned executed (Doc. No. 11).

White's executed summons was received on May 17, 2024, and Hollis moved for entry of default against White on August 14, 2024. (Doc. No. 14.) The Clerk of Court found that Hollis's motion was "defective in several respects," specifically because it was not "accompanied by the required unsworn declaration verifying proof of service, the opposing party's failure to plead or otherwise defend the action, or defendant's age, competency, or military status." (Doc. No. 18, PageID# 76.) The record reflects that Murphy's summons was returned unexecuted (Doc. No. 10). The Marshals Service made a notation on Murphy's summons that no one by that name works at the facility where Hollis is incarcerated. (*Id.*)

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). It is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

Where, as here, a plaintiff proceeds IFP, "[t]he officers of the court shall issue and serve all process, and perform all duties . . . ." 28 U.S.C. § 1915(d). Rule 4(c) "dovetails" with § 1915, *Byrd*, 94 F.3d at 219, by providing that "[t]he court must" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915([d]) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

However, an incarcerated pro se plaintiff proceeding IFP does not automatically demonstrate good cause for extending the Rule 4(m) deadline when the Marshals Service has been unable to effect service of process on a defendant. Rather, courts in this circuit consider the plaintiff's conduct and the totality of the circumstances in determining whether good cause exists to extend the Rule 4(m) deadline. For example, in *Abel v. Harp*, the Sixth Circuit considered the fact that the plaintiff diligently attempted to contact the Marshals Service "when he knew there was a problem with service on the defendants" and the fact that "[t]he Marshals Service [incorrectly] advised [the plaintiff] that it had served all of the defendants" before holding that good cause existed to extend the Rule 4(m) deadline. 122 F. App'x 248, 252 (6th Cir. 2005).

By contrast, in *VanDiver v. Martin*, the court found that a pro se incarcerated IFP plaintiff failed to show good cause to extend the Rule 4(m) deadline where the plaintiff "remained silent after being put on notice that [ ] Defendants had not been served" at the address he provided because the defendants "no longer worked for the Michigan Department of Corrections." 304 F. Supp. 2d 934, 941, 942 (E.D. Mich. 2004); *see also Freeman v. Collins*, Civ. Action No. 2:08-cv-00071, 2011 WL 4914873, at *5 (S.D. Ohio Aug. 15, 2011) (finding that pro se incarcerated IFP plaintiff failed to show good cause to extend Rule 4(m) deadline where he "took no action to cure the lack of service for a significant period . . ."). Similarly, in *Staub v. Nietzel*, the Sixth Circuit found that good cause did not exist to extend the Rule 4(m) deadline despite an "administrative snafu" in which the Clerk of Court did not issue a summons for the unserved defendant because the plaintiff "was on notice" that the defendant remained unserved, failed to inquire about the status of service or provide additional information for service to the court, and "fail[ed] to provide

any reasonable explanation for sitting idly by for six years[.]" Case No. 22-5384, 2023 WL 3059081, at *8–9 (6th Cir. Apr. 24, 2023).

Here, service is complicated by one additional factor: the Marshals Service determined Murphy could not be served because there was no one by that name working at DeBerry at the time they attempted service. (Doc. No. 10.) It is unclear from the Marshals Service agent's notation whether no employee with the last name "Murphy" has worked at DSNF while Hollis has been incarcerated there or Murphy worked there at the time of the incident but has since left his employment at that facility.

Although neither Rule 4 nor § 1915 provides guidance for the Court's obligation, if any, when the initial attempt to serve process is not effectuated, the Sixth Circuit Court of Appeals addressed the issue in *Fitts v. Sicker*, 232 F. App'x 436, 443-444, 2007 WL 419623 (6th Cir. Feb. 8, 2007). There, the Court noted that it would have been permissible for the court to have directed the Michigan Department of Corrections to provide the former employee's last known address. Relying on *Fitts*, other courts have directed that governmental entities and non-defendants provide addresses to the U.S. Marshal Service so that process could be attempted on a defendant. *See Brown v. Mohr*, 2014 WL 1686194, *6 (S.D. Ohio Apr. 29, 2014); *Baldwin v. Croft*, 2013 WL 172870, *2 (N.D. Ohio Jan. 16, 2013); *Ely v. Smith*, 2008 WL 2076651, *2 (E.D. Tenn. May 15, 2008).

The Court requests the assistance of DSNF officials to assist Hollis in identifying the last known address of Murphy. The Court therefore DIRECTS the Warden of the Lois DeBerry Special Needs Facility or his representative to file Murphy's last known address under seal within 14 days

5

of the date of this Order. If no person named Murphy worked at DSNF during the time Hollis has been incarcerated there, the Warden shall provide that information by notice to the Court.

The Clerk's Office is DIRECTED to send a copy of this order to Warden James M. Holloway at the Lois DeBerry Special Needs Facility, 7575 Cockrill Bend Boulevard Nashville, Tennessee 37209-1057.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge